FAULKNER, Justice.
This is an appeal from judgments dismissing two defendants from an action now pending in the Circuit Court of Mobile County. The judgments were made final pursuant to Rule 54(b), A.R.Civ.P. There is some question as to whether these orders should be treated as orders granted pursuant to Rule 12(b)(6) or Rule 56, A.R. Civ.P. We opine that even assuming, ar-guendo, that the defendants presented evidence which would have entitled them to a summary judgment, the trial court erred in *371 dismissing the action against them because it failed to give the plaintiff a reasonable opportunity to present material which would be pertinent to a Rule 56 motion. We reverse and remand.
Thomas A. Knowles was employed by Morris Industrial Service in Mobile. Gulf Lumber Company engaged the Morris firm to replace a kiln at its facility. Morris dispatched a crew of workmen, including Knowles, a supervisor, and a foreman, to Gulf Lumber to do the necessary work. During the course of the work, overhead coils in the kiln, weighing 450 to 500 pounds, fell on Knowles and injured him.
In addition to naming Morris’s foreman at the job site, its job supervisor, its owner, and its compensation carrier, Knowles also named two Gulf Lumber employees, Sandy Stimpson and Wayne Beatty, as defendants. Count five of Knowles’s complaint alleges that Stimpson and Beatty negligently failed to provide him with a safe place to work, that they negligently inspected his work area, that they negligently failed to provide him with proper and safe equipment, that they negligently failed to provide adequate personnel to perform the job assigned to him, and that as a proximate result of their negligence he was injured. Count six alleges that the defendants’ omissions were wanton. Count seven alleges that Stimpson was the plant’s safety director in charge of plant safety, and safety personnel and that he was responsible for the formulation, implementation, and enforcement of policies and procedures concerning persons working on Gulf Lumber’s premises. That count alleges that Stimpson, acting in his role as safety director, failed to provide Knowles with a safe place to work, that he negligently inspected the work area, and that he failed to provide Knowles with the proper equipment to do the job assigned to him. Count eight realleges the allegations of count seven, except that it categorizes Stimpson’s omissions as wanton.
In response to the allegations contained in Knowles’s complaint, the following motions were made and the following orders were entered: Stimpson filed a motion to dismiss or, in the alternative, for a more definite statement, stating that his relationship to Knowles was such that he owed no duty to Knowles and that he violated no duty owed to him. The trial court entered an order granting Stimpson’s motion to dismiss. Beatty then filed a motion to dismiss, or, in the alternative, for a more definite statement, in the same form as Stimpson’s. The trial court then entered a second order making Stimpson’s dismissal final under Rule 54(b). Notwithstanding the fact that his motion to dismiss had been granted and made final, Stimpson then filed an affidavit purporting to support his and Beatty’s motions to dismiss, stating:
“My name is Sandy Stimpson and I am Vice President of Gulf Lumber Company, a corporation. I am not an employee of Morris Industrial Service. Wayne Beatty was not an employee of Morris Industrial Service on October 14,1983, but was employed by Gulf Lumber Company as maintenance superintendent.
“Thomas A. Knowles was not an employee of Gulf Lumber Company on October 14, 1983, but was an employee of Morris Industrial Service. I did not own the premises where Thomas Knowles was injured on October 14, 1983, and Wayne Beatty did not own the premises there. Neither of us was a co-employee of Thomas Knowles at the time of the alleged accident at the Gulf Lumber Company dry kiln location.”
The trial court then entered an order granting Beatty’s motion to dismiss and later another order making it final under Rule 54(b). Knowles then appealed from the judgments dismissing Stimpson and Beatty.
On its face, Knowles’s complaint states a good cause of action against Stimpson and Beatty. A premises owner owes a duty to the employees of subcontractors to exercise reasonable care to keep the premises in a reasonably safe condition. Southern Minerals Co. v. Barrett, 281 Ala. 76, 83, 199 So.2d 87 (1967). If, as alleged in the complaint, that' duty was *372 delegated by Gulf Lumber to Beatty and Stimpson and their negligence proximately resulted in the injuries complained of, Knowles would be entitled to recover against them.
Stimpson and Beatty argue, however, that filing the above-quoted affidavit converted the motion to dismiss into a motion for summary judgment. They contend that because there was no evidence of any act or omission on their part proximately resulting in the injuries complained of, their motion was properly granted. They summarize the evidence in the record as follows: On the day of the accident, Morris’s foreman ordered a Morris employee to remove the U-bolts holding an overhead steam coil weighing about 450 to 500 pounds and to replace the bolts with 14-guage electrical wire. Despite the fact that a Morris employee warned the foreman that the coils were not secured adequately, the foreman refused to take additional precautions to secure them. The coils then fell on Knowles, injuring him.
There are two judgments being appealed from in this case. On January 18, 1985, the trial court granted Stimpson’s motion to dismiss. On February 21, 1985, it made the dismissal final in accordance with Rule 54(b). On March 8, 1985, it entered an order granting a motion to dismiss the claims against Beatty and entered another order making that judgment final on March 11, 1985. We have some difficulty with the defendant’s contention that the above-quoted affidavit dated March 8, 1985, converted the Rule 12(b), (c) motions into Rule 56 motions, in light of the fact that the affidavit was filed after the case had been dismissed as to Stimpson and on the same day that the case was dismissed as to Beatty. Rule 12(b) states that if, on a motion to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as a motion for summary judgment and all parties shall be given an opportunity to present all material made pertinent to such a motion by Rule 56. It is obvious that the plaintiff was not given the opportunity to present anything in response to the affidavit filed by the defendant.
Nothing in this opinion should be construed as passing on the question briefed by the defendants, viz., whether they are entitled to a summary judgment under the authority of Secrist v. Mark IV Constructors, Inc., 472 So.2d 1015 (Ala.1985). In the current procedural posture of this case it would be inappropriate to address that question.
REVERSED AND REMANDED.
BEATTY and HOUSTON, JJ., concur.
TORBERT, C.J., concurs specially.
ALMON, J., concurs in the result.