MONROE, Judge.
On February 3, 2000, Lawrence Stockton sued Frank Jefferson Haynes, seeking damages for injuries sustained in a February 11, 1998, automobile accident. Haynes moved to dismiss the action, contending that Stockton had previously filed a lawsuit against Haynes over the same automobile accident; that the claim presented in that lawsuit was settled for $7,250 before Haynes was served with the complaint; that the settlement draft for $7,250 was negotiated; and that the lawsuit was dismissed. Haynes filed in support of his motion the affidavits of the claims manager for the insurance company that insured Haynes and the defense attorney who was retained to defend the action. There were attachments to these two affidavits. A hearing on the motion to dismiss was scheduled for June 16, 2000.
On June 16, 2000, Stockton filed a response to the motion to dismiss. In this response, Stockton stated that his former counsel had left the state and had not been willing to communicate with him; that he *1068 did not give his former counsel authority to settle his claim for $7,250; that his signature was forged on the settlement draft and there is no executed release relating to this claim; and that the original lawsuit was dismissed without prejudice. Stockton also stated, “[Haynes’s] motion [to dismiss] is improper insofar as it is essentially a motion for a summary judgment.”
Also on June 16, 2000, the trial court made the following entry on the case action summary:
“The motion to dismiss filed 6/1/00 is considered as a motion for summary judgment and such motion is GRANTED. Judgment in this case is rendered in favor of [Haynes] and against [Stockton], The settlement in the prior case between these parties, CV-98-6367, remains in full force and effect. Costs are taxed to [Stockton].”
Stockton appeals.
In Knowles v. Beatty, 484 So.2d 370, 372 (Ala.1985), our supreme court stated:
“Rule 12(b)[, Ala.R.Civ.P.,] states that if, on a motion to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as a motion for summary judgment and all parties shall be given an opportunity to present all material made pertinent to such a motion by Rule 56[, Ala.R.Civ.P.] It is obvious that the plaintiff was not given the opportunity to present anything in response to the affidavit filed by the defendant.”
In the present case, the trial court entered a summary judgment in favor of Haynes on the same day it determined that Haynes’s motion to dismiss should be treated as a summary-judgment motion. It is clear that Stockton was not given the opportunity to present anything in response to the summary-judgment motion.
Thus, the summary judgment in favor of Haynes is due to be reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.